FILED

SEP 04 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADELLE BURRELL-WILLIAMS,<br>PAMELA BROWN,<br><br>Defendants. | INFORMATION<br><br>CASE NO. 1:26CR00402<br>Title 18, United States Code,<br>Sections 371, 1343, and 2<br><br>JUDGE ADAMS |

GENERAL ALLEGATIONS

At all times relevant to this Information, unless otherwise specified:

1. ADELLE BURRELL-WILLIAMS ("BURRELL-WILLIAMS") resided in or around Cleveland, Ohio, in the Northern District of Ohio, Eastern Division. BURRELL-WILLIAMS was an employee of the Cuyahoga County Health and Human Services Department ("Cuyahoga County HHS").

2. PAMELA BROWN ("BROWN") resided in or around Cleveland, Ohio, in the Northern District of Ohio, Eastern Division. Brown was also an employee of the Cuyahoga County HHS.

3. Union 1 is a national labor union of public employees in the United States. Union 1's bargaining unit for Cuyahoga County HHS employees, Local 1, and was located in or around Cleveland, Ohio, in the Northern District of Ohio, Eastern Division.

4. BURRELL-WILLIAMS was the secretary-treasurer of Local 1 from in or around 2016 through in or around April 2023. As secretary-treasurer, BURRELL-WILLIAMS was responsible for managing Local 1's finances, including paying authorized expenses, maintaining

financial records, and creating financial reports. BURRELL-WILLIAMS was on partial release from her duties at Cuyahoga County HHS, given approximately 15 hours per week to work on Local 1 business.

5. BROWN was the president of Local 1 from in or around 1997 through in or around November 2021. As president, BROWN was responsible for overseeing all operations of Local 1. BROWN was on full-time release from her duties at Cuyahoga County HHS to work full-time on Local 1 business.

6. Bank 1 was a financial institution based in Pittsburgh, Pennsylvania. Local 1 maintained two business checking accounts at Bank 1:

a. The Operating Account was maintained to conduct the regular business of Local 1 including the payment of authorized expenses.

b. The Payroll Account was maintained to pay the salaries of Local 1 officers and executive board members.

7. Defendants were signatories on both the Operating Account and Payroll Account while serving as Local 1's secretary-treasurer and president, respectively.

8. Checks printed for the Operating Account and Payroll Account contained dual authorization signature lines, as each check was required to be signed by the Local 1 secretary-treasurer and counter-signed by the president pursuant to the Local 1 Constitution.

9. Local 1 was required to meet the standards established by the Union 1 Financial Standards Code, which imposed the following rules on Union 1 local unions, among others: prohibiting the use of cash payments by local unions; requiring the secretary-treasurer to maintain invoices and receipts for all expenditures; and prohibiting the use of debit and

automated teller machine ("ATM") cards and requiring officers to return any such card issued by the bank if received.

10. Local 1 was issued a debit card associated with the Operating Account (the "Local 1 Debit Card"), which was in use by in or around February 2017.

11. Local 1 was required to maintain invoices and receipts for all expenditures.

12. Local 1 member dues and Union 1 national office stipends were the primary source of funds for Local 1 to use, which funds were required to be spent for the benefit of Local 1.

<u>COUNT 1</u>
(Conspiracy to Commit Wire Fraud, 18 U.S.C. § 371)

The United States Attorney charges:

13. The factual allegations contained in paragraphs 1 through 12 of this Information are incorporated by reference as if stated fully herein.

<u>The Conspiracy and Scheme to Defraud</u>

14. From in or around February 2017, through in or around May 2022, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants ADELLE BURRELL-WILLIAMS and PAMELA BROWN did knowingly and intentionally combine, conspire, confederate and agree with each other to commit offenses against the United States, that is: to devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, to knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

The Objects and Purposes of the Conspiracy and Scheme

15. The objects and purposes of the conspiracy and scheme included, but were not limited to, the following: for the conspirators to unjustly enrich themselves and their designees by (a) using the access to Local 1's financial accounts to embezzle and steal money from Local 1, (b) diverting proceeds for the conspirators' use and the use and benefit of others and to further the conspiracy and scheme, and (c) concealing the conspiracy and scheme.

Manner and Means of the Conspiracy and Scheme

16. It was part of the conspiracy and scheme that:

a. Defendants retained and declined to return the Local 1 Debit Card after receiving it.

b. Defendants used the Local 1 Debit Card to conduct unauthorized debit card transactions for their personal benefit.

c. Defendants used the Local 1 Debit Card to conduct unauthorized ATM transactions for their personal benefit.

d. Defendants used the Local 1 checkbook to write themselves unauthorized checks from the Operating Account, often with falsified memo lines.

e. BURRELL-WILLIAMS created falsified Local 1 financial reports, omitting material facts, to prevent detection of the scheme by Local 1 members.

f. BURRELL-WILLIAMS declined to oversee the financial operations of Local 1, as required and expected, and instead allowed BROWN to embezzle and steal money and funds from Local 1.

g. BURRELL-WILLIAMS declined to maintain the financial records of Local 1 and declined to create accurate financial reports, as required and expected, and instead allowed BROWN to embezzle and steal money from Local 1.

h. BROWN declined to oversee the final operations of Local 1, as required and expected, and instead allowed BURRELL-WILLIAMS to embezzle and steal money from Local 1.

i. Defendants spent the stolen Local 1 funds for the benefit of themselves and others.

Overt Acts in Furtherance of the Conspiracy and Scheme

17. In furtherance of the conspiracy and scheme, and to accomplish the objects and purposes and conceal the existence thereof, a member of the conspiracy committed and caused to be committed, in the Northern District of Ohio, and elsewhere, the following overt acts, among others:

a. On or about August 20, 2020, BROWN made an unauthorized withdrawal of $505.99 from an ATM located at Casino 1 using the Local 1 Debit Card.

b. On or about September 14, 2020, BROWN made an unauthorized withdrawal of $405.99 from an ATM located within Casino 1 using the Local 1 Debit Card.

c. On or about December 23, 2021, BURRELL-WILLIAMS wrote an unauthorized check in the amount of $948 to themselves from the Local 1 Operating Account and cashed the check into her personal bank account with the memo line "Covid Cleaning."

d. On or about December 23, 2021, BURRELL-WILLIAMS conducted an unauthorized withdrawal of $505.99 from an ATM located within Casino 1 using the Local 1 Debit Card.

e. On or about April 25, 2022, BURRELL-WILLIAMS conducted an unauthorized withdrawal of $505.99 from an ATM located within Casino 1 using the Local 1 Debit Card.

f. In or around May 2022, after the Local 1 membership began questioning Local 1's expenditures, BURRELL-WILLIAMS created a falsified Financial Income and Expenses Report for the month of April 2022 that omitted unauthorized ATM withdrawals and debit card purchases totaling approximately $2,268.

All in violation of Title 18, United States Code, Section 371.

<u>COUNTS 2-5</u>
(Wire Fraud, 18 U.S.C. §§ 1343 and 2)

The United States Attorney further charges:

18. The factual allegations of Count 1 of this Information are re-alleged and incorporated by reference as if fully set forth herein.

<u>Execution of the Scheme</u>

19. On or about the following dates, in the Northern District of Ohio, Eastern Division, and elsewhere, the following Defendants, for the purpose of executing the foregoing scheme and artifice to defraud, and attempting to do so, knowingly caused to be transmitted the following writings, signs, signals, pictures, and sounds by means of wire communications in interstate commerce, to wit: Defendants ADELLE BURRELL-WILLIAMS and PAMELA BROWN conducted the following transactions using the Local 1 Debit Card, each transaction causing a wire transmission from the State of Ohio and routed across state lines, and each transaction constituting a separate count of this Information:

| Count | Defendant | Date | Amount | Transaction |
|---|---|---|---|---|
| 2 | BURRELL-WILLIAMS | December 23, 2021 | $505.99 | ATM withdrawal at Casino 1 |
| 3 | BURRELL-WILLIAMS | April 25, 2022 | $505.99 | ATM withdrawal at Casino 1 |
| 4 | BROWN | August 20, 2020 | $505.99 | ATM withdrawal at Casino 1 |
| 5 | BROWN | September 14, 2020 | $405.99 | ATM withdrawal at Casino 1 |

All in violation of Title 18, United State Code, Sections 1343 and 2.

DAVID M. TOEPFER
United States Attorney

By: Elliot Morrison
Elliot Morrison
Chief, White Collar Crimes Unit